UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY L. MATESIG,

    Plaintiff,

vs.                                    Case No.:

LHR, INC., CONSUMER RECOVERY
ASSOCIATES, LLC. and NOAM
J. COHEN, P.A.

    Defendants,
_____/

## COMPLAINT and JURY TRIAL DEMAND

### INTRODUCTION

1. This is an action for damages brought by Plaintiff, GARY L. MATESIG an individual consumer, against the Defendants, LHR, INC., a Florida foreign profit corporation, CONSUMER RECOVERY ASSOCIATES, LLC, a Virginia limited liability corporation and NOAM J. COHEN, P.A., a Florida corporation (hereinafter collectively referred to as "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") and for violations of the State of Florida Consumer Collection Practices Act, Section 559.72, et seq., Florida Statutes (hereinafter referred to as "FCCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides in Polk County, Florida and Defendants do business in this District.

## PARTIES

3. Plaintiff, GARY L. MATESIG (hereinafter referred to as "Plaintiff" or "MATESIG"), is a natural person, and citizen of the State of Florida, residing in Polk County, Florida.

4. Defendant, LHR, INC. (hereinafter referred to as "LHR"), is a State of New York for profit corporation registered in the State of Florida by operating through Lewis Hastie Receivables, Inc., with its principal place of business located at 56 Main Street, Hamburg, New York, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and by Section 559.55(6), Florida Statutes.

5. Defendant, CONSUMER RECOVERY ASSOCIATES, LLC (hereinafter referred to as "CONSUMER RECOVERY"), is a State of Virginia limited liability corporation with its principal place of business located at Parkway 4, Suite 270, 2697 International Parkway, Virginia Beach, Virginia, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and by Section 559.55(6), Florida Statutes.

6. Defendant, NOAM J. COHEN, P.A., (hereinafter referred to as "NOAM J. COHEN, P.A.") is a Florida corporation, engaged in the practice of debt collection, with its principal place of business located at 13899 Biscayne Boulevard, Suite 305, Miami, Florida.

7. NOAM J. COHEN, P.A is liable for the actions of its employee NOAM J. COHEN (hereinafter referred to as "COHEN").

8. LHR is liable for the actions of CONSUMER RECOVERY, NOAM J. COHEN, P.A and COHEN.

9. COHEN an employee of NOAM J. COHEN, P.A., who signed a complaint on behalf of NOAM J. COHEN, P.A which is factually related to the subject matter of the instant lawsuit.

10. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

11. Defendants regularly collect or attempt to collect consumer debts from other parties. They are "debt collectors" as that term is defined in the FDCPA and the FCCPA.

12. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged consumer debt.

13. Defendant's individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

14. Defendants sought to collect an alleged consumer debt from Plaintiff arising from a credit card agreement entered into by Plaintiff for personal, family or household purposes. and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) and by Section 559.55(1), Florida Statutes.

15. Defendant, LHR filed a state court action in Polk County, Florida against MATESIG seeking to collect an alleged consumer debt.

16. In the state court action, Plaintiff, through his attorney of record, filed an answer disputing the debt.

17. On or about November 23, 2010, Defendant, LHR filed a Notice of Voluntary Dismissal in the state court action.

18. On or about November 22, 2010, Plaintiff, through his attorney, mailed a letter to COHEN, advising that Plaintiff continued to dispute the debt and that Plaintiff was still being represented by his attorney of record from the state court action. Plaintiff further advised COHEN that no further communications in the form of telephone calls were to be made to Plaintiff's home telephone number, cellular telephone number and work telephone number. See attached Exhibit "A".

19. On or about February 9, 2011, a representative of Defendant, CONSUMER RECOVERY, telephoned Plaintiff on Plaintiff's cellular telephone. In this telephone conversation, the representative of Defendant, CONSUMER RECOVERY stated that the representative was attempting to collect a debt which was the same debt that Plaintiff had disputed in the state court action. The representative of Defendant, CONSUMER RECOVERY further informed Plaintiff that the representative wanted to know what type of payment arrangement that Plaintiff intended to set up to settle the disputed debt. Plaintiff at that point in the conversation informed the representative of Defendant, PORTFOLIO RECOVERY that he was represented by an attorney and provided the attorney's contact information.

20. It is upon information and belief, that as of the date of the last telephone communication from Defendant, CONSUMER RECOVERY, Plaintiff has not received any written correspondence from Defendants regarding the collection of the above noted debt.

## RESPONDENT SUPERIOR LIABILITY

21. The acts and omissions of Defendants' agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendants.

22. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal Defendants.

24. Defendants are therefore liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, and the FCCPA, in their attempt to collect this debt.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates Paragraphs 1 through 24.

26. The telephone calls noted herein constitute a "communication" as defined by 15 U.S.C. §1692a(2).

27. The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

28. Defendants and their agents violated 15 U.S.C. § 1692g by failing to send Plaintiff, as a consumer, a validation notice within five (5) days of the initial communication.

29. Defendants and their agents violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff, the consumer, after Defendants' knew that Plaintiff was represented by an attorney.

30 Defendants and their agents violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff, the consumer, after Defendants' have been placed on notice in writing that the

consumer refuses to pay the debtor and that the consumer wishes the debt collector to cease further communication.

31. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. Plaintiff incorporates Paragraphs 1 through 24.

33. The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

34. This direct telephone contact by Defendants with Plaintiff constitutes a "communication" as defined by Section 559.55(5), Florida Statutes.

35. Defendants and their employees and agents violated the State of Florida Consumer Collection Practices Act, Section 559.72(18), Florida Statutes, by willfully communicating with Plaintiff after Defendants knew that Plaintiff was being represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain such attorney's name and address.

36. Defendants and their agents' acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the above violation of the State of Florida Consumer Collection Practices Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violation of the FCCPA;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Statutory damages pursuant to Section 559.77, Florida Statutes;

E.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Section 559.77, Florida Statutes;

F.  For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 2nd day of March 2011.

DICESARE, DAVIDSON, & BARKER, P.A.

*/s/ Harold E. Barker*
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff